UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SANDRA CARLSON and MARJORIE
CUMMINGS, on Behalf of Themselves
and all others similarly situated,

                      MEMORANDUM AND ORDER

              Plaintiffs,                    CV 04-3086

           -against-                  (Wexler, J.)

LONG ISLAND JEWISH MEDICAL
CENTER, NORTH SHORE UNIVERSITY
HOSPITAL IN MANHASSET, NORTH
SHORT-LONG ISLAND JEWISH HEALTH
SYSTEM, INC., AMERICAN HOSPITAL
ASSOCIATION, and JOHN DOES 1-10,

              Defendants.
----------------------------------------------------------X
APPEARANCES:

    BERNSTEIN LIEBHARD& LIFSHITZ, LLP
    BY: KEITH M. FLEISHMAN, ESQ.
    Attorneys for Plaintiff
    10 East 40th Street
    New York, New York 10016

    ROPES & GRAY, LLP
    BY: ROBERT S. FISCHLER, ESQ.
    Attorneys for Defendants Long Island Jewish Medical Center, North Shore University
    Hospital in Manhasset and North Shore-Long Island Jewish Health System, Inc.
    45 Rockefeller Plaza
    New York, New York 10111-0087

    WINSTON & STRAWN LLP
    BY: LORI J. VAN AUKEN, ESQ.
    Attorneys for Defendants Long Island Jewish Medical Center, North Shore University
    Hospital in Manhasset and North Shore-Long Island Jewish Health System, Inc.
    200 Park Avenue
    New York, New York 10166

HOGAN & HARTSON LLP
ERIC J. STOCK
Attorneys for Defendant American Hospital Association
875 Third Avenue
New York, New York 10022

WEXLER, District Judge

Plaintiffs commenced this action pursuant to Federal and State law seeking, essentially, redress for defendants' billing practices with respect to uninsured patients. Named as defendants are the Long Island Jewish Medical Center, North Shore University Hospital in Manhasset and the North Shore-Long Island Jewish Health System, Inc., alleged to be comprised of seventeen member hospitals, four home care agencies and a hospice network (collectively the "Hospitals"). Although the American Hospital Association was initially also named as a defendant, Plaintiffs have recently voluntarily dismissed their claims against this defendant pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

In an order dated February 9, 2005, this court noted that numerous decisions throughout the country had dismissed many of the precise claims alleged here. Plaintiffs were directed to submit a letter stating whether or not those claims would continue to be pursued. Plaintiffs' response resulted in dismissal of all federal claims except for one alleged pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA" or the "Act"). On February 28, 2005, the court issued an order stating that if Defendants wished to renew their motion to dismiss this sole remaining federal claim, they were to submit a new motion. The court also asked the parties to discuss the impact of the Class Action Fairness Act of 2005 on this litigation. Finally, the court directed Defendants to hold in abeyance any motion to dismiss claims Plaintiffs' state law claims.

Presently before the court is the renewed motion to dismiss Plaintiffs' FDCPA claim. For the reasons set forth below, the motion is denied.

## BACKGROUND

I.  The FDCPA Claim

The allegations of the complaint supporting the FDCPA claim, taken as true at this point of the litigation, are as follows. Plaintiffs allege that the Hospitals conduct "unconscionable collection practices" with assistance from collection agencies including an entity referred to as the "Regional Claims Recovery Service" ("RCRS"). Plaintiffs allege that RCRS is an "unincorporated subdivision of the North Shore Health System." According to Plaintiffs, the Hospitals, through, inter alia, RCRS, use "abusive, harassing tactics in collective outstanding bills."

Plaintiffs allege that all patients treated at the Hospitals are required to sign a form, prior to treatment, which obligates them to pay in full for "unspecified and undocumented charges for medical care that are pre-set by the [Hospitals] in their sole discretion." General allegations regarding debt collection state that the Hospitals "hound" patients for inflated medical bills and that collection agencies, including, RCRS, "add interest, costs, and attorneys fees to the uninsured's unpaid debt." The Hospitals are alleged to engage in the "uniform pattern and practice of aggressively pursuing . . . debt through aggressive, abusive and humiliating collection efforts, including the filing of lawsuits." Such actions are alleged to have been taken in violation of the FDCPA.

The specific allegations regarding debt collection from the two named Plaintiffs, Sandra Carlson ("Carlson") and Marjorie Cummings ("Cummings") allege the following facts. Both

3

Carlson and Cummings are alleged to have lacked insurance at the time when either they, or a related minor, received treatment at the Hospitals. Specifically, Carlson's minor daughter is alleged to have been treated at North Shore University Hospital at Manhasset in September of 2002. Carlson was billed in excess of $10,000 for this treatment. She is allegedly being sued in state court for recovery of that debt. Cummings alleges that she was treated at the emergency room of Long Island Jewish Medical Center in 1998. She states that she had been making monthly payments of $100, until being recently informed that such payments were inadequate. She, too, has been sued by the hospital where she received treatment and alleges that a lien has been placed on her home. Cummings alleges that she has "suffered through three collection attorneys" hired by the Hospitals "who have all employed aggressive threatening collection tactics against her."

II.  The Motion to Dismiss

The Hospitals move to dismiss the FDCPA claim on the following grounds. First, it is noted that RCRS is not named as a defendant herein and argued the Hospitals cannot be liable under the statute because they are not "debt collectors" as defined in the FDCPA. Even assuming that they are debt collectors, and therefore subject to FDCPA liability, the Hospitals contend that the factual allegations described above fall short of those necessary to support a claim under the Act. After outlining relevant legal principles, the court will turn to the merits of the motion.

DISCUSSION

I.  FDCPA – General Principles

The FDCPA prohibits deceptive and misleading practices by "debt collectors." 15

4

U.S.C. § 1692e. The statute specifically defines debt collectors as those engaged in "any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). Thus, by its terms, the FDCPA limits its reach to those collecting the dues "of another" and does not restrict the activities of creditors seeking to collect their own debts. Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235 (2d Cir. 1998); Harrison v. NBD Inc., 968 F. Supp. 837, 841 (E.D.N.Y. 1997). When restricting the reach of the FDCPA to exempt creditors, Congress recognized that the activities of creditors seeking to collect their own debts are restrained by the creditors' desire to retain their good will with consumers. Those collecting debts due to another were thought to be not similarly restrained and therefore more likely to engage in the type of unscrupulous activities the Act seeks to prevent. Harrison, 968 F. Supp. at 841.

There is one situation specifically recognized by the FDCPA when a creditor will be deemed a debt collector and therefore subject to the strictures of the Act. That situation exists when the creditor attempts to collect its own debts by using "any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C.§ 1692a(6). The imposition of liability in this case recognizes the fact that when a creditor uses a name other than his own, the motivation to protect the good will in his own name is absent and the likelihood for abusive debt collections practices returns. Thus, a creditor may be found liable under section 1692(a)(6) if, in the course of collecting its own debts, it "pretends to be someone else" or "uses a pseudonym or alias." Maguire, 147 F.3d at 235 (quoting Villarreal v. Snow,

1996 WL 473386 at *3 (N.D.Ill. Aug. 19, 1996).[1]

When determining whether a debt collector is using a fictitious name under which to collect its own debt, the issue is not whether the entity engaged in collection is, in fact, a separate corporate entity. Instead, the issue is whether, under the particular factual circumstances present, the "least sophisticated consumer would have the false impression that a third party was collecting the debt." Maguire, 147 F.3d at 236. This is an objective standard and the collection effort is to be "assessed in terms of 'the impression likely to be left upon the unsophisticated consumer.'" Id., quoting, Catherman v. Credit Bureau of Greater Harrisburg, 634 F. Supp. 693, 695 (E.D. Pa. 1986).

While a creditor need not use its full business name to avoid falling within the FDCPA definition of debt collector, it "should use the 'name under which it usually transacts business, or a commonly-used acronym,'" to make clear that it is collecting its own debt. Maguire. 147 F.3d at 235, quoting, Federal Trade Commission Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50107 (1988). A creditor may also use "any name that it has used from the inception of the credit relation." Id.

A creditor's in-house collection agency is not a debt collector, within the meaning of the FDCPA, so long as the agency uses "the creditor's true name when collecting." Maguire, 147 F. 3d at 235. Such an entity will not be subject to the Act, if "it collects its own debts in the true

---

[1] The Act excludes from the definition of debt collector: (1) officers and employees of a creditor working to collect a debt in the creditor's name, and (2) any person acting as a debt collector for another, both of whom are related by a common ownership or affiliated by corporate control, if the person acting as the debt collector does so only for its affiliate and the principal business of the affiliate is not the collection of debts. 15 U.S.C. §1692a(6)(A) and (B).

name of the creditor or a name under which it has consistently done business." Maguire, 147 F.3d at 235.

In Maguire, the Second Circuit held that plaintiff alleged sufficient facts to survive a motion for summary judgment on the theory that defendant used a name other that its own to indicate debt collection by a third party. There, the defendant creditor Citicorp Retail Services ("Citicorp"), attempted to collect a debt by sending a debt collection notice under the name "Debtor Assistance." Maguire, 147 F.3d at 236. Despite the facts that Citicorp was a creditor not subject to the Act, and that Debtor Assistance was an in-house entity related to Citicorp, the court held that an issue of fact existed as to whether the consumer might have thought that the collection letter was sent by an unrelated third party, and not from Citicorp. Id. Thus, Citicorp was not entitled to the entry of summary judgment dismissing the FDCPA claim.

Supporting the court's conclusion were the facts that the letter received by the debtor bore a "Debtor Assistance" letterhead, Citicorp had not consistently used the name Debtor Assistance, and prior to the collection letter, plaintiff received no correspondence or any other type of communication from Debtor Assistance that would indicate its corporate relationship with Citicorp. Id.

With the foregoing principles in mind, the court turns to the merits of the motion.

II.   Disposition of the FDCPA Motion to Dismiss

There is no question but that the Hospitals do not constitute debt collectors within the meaning of the FDCPA. Their function is not the collection of bills, but the provision of heath care. Had any collection effort to which the complaint refers been made clearly and directly by the Hospitals themselves, there is no question but that they would have been attempting to

7

collect a debt in their own names and no FDCPA action would lie. See, e.g., Bleich v. Revenue Maximization, Group, 239 F. Supp.2d 262, 264 (E.D.N.Y. 2002) (dismissing FDCPA claim against hospital on ground that it was not a debt collector under the Act).

Here, however, the claim is different, i.e., the Hospitals are argued to have acted as debt collectors because of attempts to collect debts through RCRS, an entity that is alleged to have created the false impression that debts were being pursued by a third party. In the context of this motion to dismiss, the question before the court is whether sufficient facts have been pled to support a claim of liability pursuant to 15 U.S.C. § 1692(a)(6). Put differently, are facts pled to support the claim that the least sophisticated consumer would have believed that a RCRS was a third party acting to collect a debt on behalf of the defendant hospitals.

The liability of the Hospitals on this theory turns on facts that cannot be determined in the context of a motion to dismiss. Among those facts are the business of RCRS and the nature of its corporate relationship with the Hospitals. It is also important to determine the nature of the contacts among the Hospitals, RCRS and Plaintiffs. It is only when these facts are clarified that the court will be in a position to determine whether the least sophisticated consumer would have believed that the Hospitals or an unrelated third party was attempting to collect a debt.

Having nothing but the complaint properly before the court, that document must be construed in favor of Plaintiffs. Conley v. Gibson, 355 U.S. 41-45-46 (1957) (complaint properly dismissed pursuant to Rule 12(b)(6) only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Accordingly, it must be held, at this point in the proceedings, that the complaint sets forth facts sufficient to allege the debt collector status of the Hospitals so as to bring their collection

activities within the reach of the FDCPA. Accord Ekinici v. GNOC, Corp., 2002 WL 31956011 *3-4 (E.D.N.Y. 2002) (denying motion to dismiss FDCPA claim against creditor where "general obfuscation" in collection letter could have left least sophisticated consumer with impression that collection effort was made by a third party).

The court is further constrained to reject the second prong of Defendants' argument, i.e., that, even assuming the debt collector status of the Hospitals, the complaint fails to set forth sufficient facts to state a claim pursuant to the FDCPA. The facts upon which Plaintiffs base their FDCPA claim are set forth above. The court holds that these facts are sufficient to satisfy Rule 8 of the Federal Rules of Civil Procedure, which requires only a "short and plain statement of the grounds upon which the court's jurisdiction depends," along with a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Plaintiffs certainly could have pled their claim with greater specificity, there is no requirement that they do so, and in the context of this motion to dismiss, the court declines to hold the pleading deficient.

For the foregoing reasons, the court denies the motion to dismiss plaintiff's FDCPA claim.

III. The Class Action Fairness Act of 2005 and the Exercise of Supplemental Jurisdiction

As noted above, the February 28, 2005 Order of this court asked that the parties address the impact of the Class Action Fairness Act of 2005 (the "Class Action Act") on this litigation. This query was prompted by Plaintiffs' position that even if the FDCPA claim were to be dismissed, this lawsuit would be re-filed pursuant to the federal jurisdiction set forth in this recently enacted amendment to the diversity statute. See 28 U.S.C. §1332(d).

As to the impact of the Class Action Act on this lawsuit, all parties acknowledge that this statute is not retroactive in its application and therefore does not provide an independent basis for the exercise of federal jurisdiction in the context of this pending action. Thus, if the FDCPA claim were to have been dismissed, this case would have no other federal claim to support subject matter jurisdiction. In view of the fact that the court has not dismissed the FDCPA claim, federal jurisdiction is upheld at this time. The court expresses no opinion as to the propriety of the exercise of diversity jurisdiction over any newly filed lawsuit pursuant to the Class Action Act.

The court notes that the parties have urged the court, even if the FDCPA claim is later dismissed, to exercise supplemental jurisdiction over the remaining state law claims. The court expresses no opinion as to whether supplemental jurisdiction will be exercised in the event that the FDCPA claim is dismissed at a later stage in this litigation.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the claim pursuant to the Fair Debt Collection Practices Act is denied. The parties are directed to contact the Magistrate Judge assigned to this case for the purpose of entering into an appropriate discovery schedule. Discovery at this time will be limited to the FDCPA claim and shall be expedited.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
July 11, 2005