UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SANDRA CARLSON and MARJORIE
CUMMINGS, on Behalf of Themselves and
All Others Similarly Situated,

                      Plaintiffs,

                                                          **ORDER**
           -against-                                  CV 04-3086 (LDW)(ARL)

LONG ISLAND JEWISH MEDICAL CENTER,
NORTH SHORE UNIVERSITY HOSPITAL IN
MANHASSET, NORTH SHORE-LONG ISLAND
JEWISH HEALTH SYSTEMS, INC., AMERICAN
HOSPITAL ASSOCIATION, and JOHN DOES 1-10,

                      Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' letter application dated October 28, 2005, requesting a protective order striking the plaintiffs' Second Request for Production of Documents. In support of the application, the defendants' argue that the Second Request improperly seeks discovery on the plaintiffs' state law claims, which have been deferred pending resolution of the action. The plaintiffs claim that the discovery is necessary for the plaintiffs to prove claims under the Fair Debt Collection Practices Act. Specifically, the plaintiffs argue that the discovery sought is relevant to a claim under section 1692e(2)(A), which prohibits debt collection where there has been "the false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). The court disagrees.

      As a threshold matter, the court questions whether the plaintiffs' complaint is broad enough to encompass a claim under section 1692e(2)(A). Although the plaintiffs are correct that count four of the complaint is pled under section 1692, *et seq.,* the plaintiff's only allegation in this count is that "The North Shore Defendants and the Collection Agencies' conduct constitute

aggressive, abusive and humiliating collection practices," a claim covered by section 1692d. Moreover, a review of the request makes clear that the plaintiffs are seeking information concerning their state law claims, that is, that the defendants charged uninsured patients with unreasonably inflated rates for medical services. The court will not permit this back door attempt to obtain information relevant to claims that Judge Wexler has deferred pending resolution of the Fair Debt Collection Practices Act claim. Accordingly, the defendants' application to strike the Second Request for Production of Documents is granted.

Nonetheless, the court believes that the defendants are entitled to seek discovery concerning the specific procedures used by the defendants to bill Mrs. Carlson and Cummings. Moreover, to the extent the plaintiffs can provide a good faith basis for such an inquiry, they may also be permitted some discovery of defendants' billing practices with respect to bills issued to other uninsured patients for similar medical procedures. Any additional requests for the production of documents must be served by November 23, 2005.

The court will not grant the parties an additional sixty days as requested by the plaintiff's in their November 15, 2005 letter received by the court today. All discovery, inclusive of expert discovery is to be completed by December 30, 2005. Any party planning on making a dispositive motion may take the first step in the motion process by January 13, 2006. The parties are directed to consult Judge Wexler's individual rules concerning such practices. The final conference scheduled for December 14, 2005 is adjourned to January 31, 2006 at 2:00 p.m. The parties are directed to electronically file a proposed joint pretrial order prior to the conference. No further adjournments will be granted.

Dated: Central Islip, New York
      November 16, 2005

**SO ORDERED:**
_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge